JULIUS ANDREW D'ANNA, Sr., and MEL RICH-
ARD D'ANNA, Appellants, v. SHERIFF, CLARK
COUNTY, NEVADA, Respondent.

No. 6293

November 12, 1970          476 P.2d 472

*Wiener, Goldwater & Galatz, Ltd.,* of Las Vegas, for Appel-
lants.

*Harvey Dickerson,* Attorney General; *George E. Franklin,
Jr.,* District Attorney, and *Margie A. Richards,* Deputy District
Attorney, Clark County, for Respondent.

## OPINION

By the Court, Collins, C. J.:

This is an appeal from denial of a pre-trial application for
habeas corpus. We affirm that ruling.

On April 3, 1969, appellants were gambling patrons at the
Sands Hotel in Las Vegas, where they engaged in playing a
card game known as "Blackjack" or "21" while sitting next

to each other at the table. The manner in which they handled the cards dealt to them caused them to come under the close scrutiny of Paul S. Romines, a hotel security guard. While watching their method of play from a one-way mirror observation station in the ceiling of the casino known in the gambling business as the "eye in the sky," he observed them switch cards between themselves over the course of play of several hands. He also observed they were paid money on those hands by the dealer. Romines did not watch the dealer's cards, and thus could not testify whether appellants were paid because they held winning hands or because the dealer "broke"; that is, exceeded 21 in the count of the face value of his cards.

Appellants were arrested and charged with fraudulently obtaining money from the Sands Hotel Casino, a violation of NRS 465.070(1), a felony, which reads:

"1. Every person who, by color, or aid of any trick or sleight-of-hand performance, or by any fraud or fraudulent scheme, cards, dice or device, shall win for himself or for another any money or property, or representative of either, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment."

They were bound over to the district court for trial by the magistrate on the evidence recited above. They sought a writ of habeas corpus, contending the state had failed to show they won money as a result of card switching because they could have won as readily if the dealer "broke." Thus they argue the state failed to prove the corpus delicti of the crime, since there was no evidence of reliance by the dealer on their fraudulently switched cards in paying them on the hands they held. We disagree with that contention.

1. NRS 465.070(1) contemplates that a player engaging in a "Blackjack" or "21" game will play with the identical cards dealt him by the dealer. The moment he switches or changes those cards in any manner so as to use in play different cards than those dealt to him or offers them back to the dealer for a payoff either as a winning hand or because the dealer "breaks," he brings himself within the prohibition of the statute. The dealer's reliance may be found in the fact that he accepts the cards back as a legitimately played hand and pays out house money on that premise. It is beyond question that the dealer would have stopped play of the game completely had he observed switching of cards by appellants.

2. The corpus delicti of the crime was established by the state through the testimony of Romines. There was also probable cause to believe appellants committed it. Azbill v. State,

84 Nev. 345, 440 P.2d 1014 (1968). The lower court properly denied their application for habeas corpus.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.